| | |
|---|---|
| Colin T. Kemp (SBN 215408)<br>colin.kemp@pillsburylaw.com<br>PILLSBURY WINTHROP<br>SHAW PITTMAN LLP<br>Four Embarcadero Center, 22nd Floor<br>San Francisco, CA 94111-5998<br>Telephone: 415.983.1000<br>Facsimile: 415.983.1200<br><br>Michael S. Horikawa (SBN 267014)<br>michael.horikawa@pillsburylaw.com<br>PILLSBURY WINTHROP<br>SHAW PITTMAN LLP<br>725 S. Figueroa Street, 36th Floor<br>Los Angeles, CA 90017-5524<br>Telephone: 213.488.7100<br>Facsimile: 213.629.1033 | Michael H. Borofsky (*Pro Hac Vice Forthcoming*)<br>michael.borofsky@pillsburylaw.com<br>PILLSBURY WINTHROP<br>SHAW PITTMAN LLP<br>401 W. 4th Street, Suite 3200<br>Austin, Texas 78701<br>Telephone: 512.580.9600<br>Facsimile: 512.580.9601 |

Attorneys for Plaintiff Victaulic Company

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTAULIC COMPANY, a Delaware Corporation,<br><br>      Plaintiff,<br><br>      v.<br><br>ALLIED RUBBER & GASKET CO., INC., d/b/a ARGCO, a California Corporation,<br><br>      Defendant. | Case No. '25CV2049 BEN MSB<br><br>**COMPLAINT FOR BREACH OF SETTLEMENT AGREEMENT AND PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR BREACH OF SETTLEMENT AGREEMENT & PATENT INFRINGEMENT

4937-5151-1130

## INTRODUCTION

Plaintiff VICTAULIC COMPANY ("Victaulic"), by and through its attorneys, brings this complaint against Defendant ALLIED RUBBER & GASKET CO., INC., d/b/a ARGCO ("ARGCO" or "Defendant"), and alleges as follows:

## PARTIES

1. VICTAULIC is a corporation organized and existing under the laws of the state of Delaware, with a principal place of business located at 4901 Kesslersville Road, Easton, Pennsylvania, 18040.

2. On information and belief, ARGCO is a corporation existing under the laws of the state of California with a principal place of business at 3145 Tiger Run Ct., Suite 105, Carlsbad, California 92010.

## JURISDICTION AND VENUE

3. Victaulic's claims for patent infringement arise under the United States patent laws, 35 U.S.C. §§ 1 *et seq*.

4. Pursuant to 28 U.S.C. §§ 1331 and 1338(a), this Court has exclusive jurisdiction over claims arising under the patent laws of the United States.

5. This Court has supplemental jurisdiction over Victaulic's claim for breach of contract under 28 U.S.C. § 1367 because Victaulic's claim for breach of contract forms part of the same case or controversy under Article III of the United States Constitution.

6. This Court also has subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, Victaulic is a citizen of Delaware and Pennsylvania, and ARGCO is a citizen of California.

7. This Court has general and specific personal jurisdiction over ARGCO because (i) it is a California corporation, (ii) it has its principal place of business in Carlsbad, California and (iii) it committed acts giving rise to this action within and/or directed to this State and this judicial district and has established minimum contacts

within the forum such that the exercise of jurisdiction over ARGCO would not offend traditional notions of fair play and substantial justice. This Court has personal jurisdiction over Defendant pursuant to California Code of Civil Procedure Section 410.10 and the Due Process Clause of the Fifth and Fourteenth Amendment to the United States Constitution.

8.  ARGCO has established contacts with the forum and purposefully availed itself of this jurisdiction by committing and continuing to commit acts of patent infringement, or inducing or contributing to others doing the same, in this District. Indeed, as noted, ARGCO's principal place of business (Carlsbad, California) is located in this District.

9.  Venue properly lies in this District pursuant to 28 U.S.C. § 1400(b) because ARGCO is a California Corporation with a principal place of business in Carlsbad, California, in this district. Thus, ARGCO resides in this District. Venue is also proper in this District under 28 U.S.C. § 1400(b) because ARGCO does business in this District through established distribution channels, has a regular and established place of business in this District, and has committed infringing acts in this District, including one or more acts of importing, offering for sale, selling, using infringing products, or providing service and support to ARGCO's customers in this District.

## THE PARTIES' HISTORY AND SETTLEMENTS

10.  Victaulic is a worldwide leader in the design, manufacture, and sale of mechanical pipe joining and flow control solutions. Among Victaulic's most significant technological achievements is the development of Installation-Ready® grooved pipe couplings.

11.  Before Victaulic developed this technology, in order to connect two pipes with a grooved coupling, an installer had to completely disassemble the coupling and reassemble the coupling onto the pipes' ends. Victaulic's Installation-Ready® couplings, in contrast, can be pushed onto a grooved pipe end, and the second pipe end

can be connected without the need to disassemble the coupling, saving a significant amount of time and decreasing the likelihood of improper assembly.

12. Victaulic's Installation-Ready® couplings, including the FireLock® Rigid Couplings Style 009N, have been widely adopted by contractors and end-users.

13. Victaulic has also been awarded numerous patents for this technology. Competitors have closely monitored the expiration of Victaulic's patent rights, eagerly anticipating the opportunity to introduce copycat products once the exclusivity period lapses. The patent at issue in this Complaint—United States Patent No. 9,726,310 (the "'310 Patent")—expires in October 2025. The impending expiration of the '310 Patent has intensified the anticipation, with competitors poised to flood the market with inferior alternatives the moment the patent expires.

14. Victaulic has consistently and vigorously enforced its patent rights to protect its innovations and the substantial investments underlying their development. In addition to the present dispute, Victaulic has pursued enforcement actions, including, most recently, *Victaulic Company v. Sigma Piping Products, LLC*, No. 25-cv-00448 (D. Del., filed April 2025) and *Victaulic Company v. Zurn Water LLC*, No. 25-cv-00960 (N.D. Tex., filed April 2025), in which Victaulic sought to enjoin the unauthorized manufacture and sale of couplings covered by the '310 Patent. These enforcement efforts are essential not only to safeguard Victaulic's business and reputation, but to preserve the integrity of the patent system and the incentives for continued innovation in the industry.

15. ARGCO is a California-based importer and distributor of pipe coupling products with a long history of willfully infringing Victaulic's intellectual property rights. As early as 2012, Victaulic began issuing cease-and-desist letters to ARGCO, demanding that it cease infringement of Victaulic's trademarks. Despite these warnings, ARGCO persisted in its infringement of Victaulic's intellectual property, forcing Victaulic to protect its rights through litigation.

16. In May 2017, after unsuccessful attempts to resolve patent infringement concerns informally, Victaulic sued ARGCO in this District for infringing two of its patents. One of those two patents, United States Patent No. 8,733,799 (the "'799 Patent"), covered grooved pipe couplings.

17. About three months after the date of the 2017 Complaint, ARGCO admitted in a settlement agreement that its couplings infringed Victaulic's patents, including the '799 Patent.

18. As part of the 2017 Settlement, ARGCO agreed to cease sales and importation of the products Victaulic accused of infringement. ARGCO also admitted that the patents at issue were valid.

19. ARGCO did not fulfill its promise to stop infringing Victaulic's patents. Instead, as ARGCO later admitted via a subsequent settlement, it resumed selling pipe couplings that infringed the '799 Patent and other Victaulic patents—even though ARGCO had been aware of the '799 Patent for several years and had previously admitted to infringing the '799 Patent.

20. In September 2022, Victaulic again sued ARGCO in this District for infringing its patents for grooved pipe couplings. In addition to the '799 Patent, Victaulic asserted the '310 Patent. *See* **Exhibit A** (true and correct copy of the '310 Patent).

21. Once again, ARGCO admitted that its pipe couplings infringed Victaulic's patents—including both the '799 Patent and the '310 Patent—and settled the lawsuit (the "2022 Settlement Agreement", "2022 Settlement" or "2022 Agreement").

22. As part of the 2022 Agreement, ARGCO agreed to cease sales and importation of the accused products and admitted that the three asserted patents—including the '310 Patent—are valid. ARGCO also agreed not to challenge the validity or enforceability of the asserted patents, that any breach by ARGCO of the 2022 Agreement would cause Victaulic "to suffer immediate and irreparable harm for

which there is no adequate remedy at law," and that the non-breaching party would be "entitled to preliminary and permanent injunctive relief . . . as well as attorney's fees."

23. Critically, pursuant to the 2022 Agreement, ARGCO may not "make, use, sell, offer to sell, or import" any product "covered by at least one claim" of the '310 Patent.

24. Victaulic reminded ARGCO in a December 19, 2024 letter that the '310 Patent remained in force and would not expire until October 2025.

25. On July 31, 2025, Victaulic learned that ARGCO has, for a third time, begun selling grooved pipe couplings that infringed Victaulic's patents. Indeed, ARGCO openly advertises the infringing products on its website.

26. The ARGCO couplings' features—such as the plurality of housing segments, arcuate projections designed to engage pipe grooves, and assembled configuration designed to be placed directly over the pipe elements to be joined without disassembly—fall squarely within the scope of the '310 Patent's claims. *See* **Exhibit B** (claim chart). Accordingly, these products infringe the '310 Patent—a patent ARGCO admitted to infringing in the 2022 Agreement. And because the products are covered by the '310 Patent, ARGCO has breached the 2022 Agreement—the second time ARGCO has breached a settlement agreement with Victaulic by selling infringing grooved pipe couplings.

27. Victaulic is now forced to bring a third action in this District to safeguard itself and its intellectual property from ARGCO's brazen infringement.

## PATENT-IN-SUIT

28. On August 8, 2017, the United States Patent and Trademark Office issued the '310 Patent, entitled "Combination Sealing Member and Pipe Couplings."

29. A copy of the '310 Patent is attached as **Exhibit A**.

30. The '310 Patent is assigned to Victaulic and has been at all relevant times. Victaulic is the owner of the '310 Patent and has the right to enforce the '310 Patent.

31. The '310 Patent is in force.

32. ARGCO admitted in the 2022 Settlement that the '310 Patent is valid.

### ARGCO'S INFRINGING PRODUCTS

33. ARGCO's infringing products include, for example and without limitation, all models and sizes of ARGCO's "Push-On Standard Rigid Couplings"—including at least ARGCO Item Nos. 7010802, 7010803, 7010804, 7010805, 7010806, 7010807, 7010808, 7010809, and 7010810—both alone and in combination with other pipe elements such as, for example, ARGCO's "Grooved Standard Radius Elbows," and any couplings and combinations of couplings with pipe elements covered by at least one claim of the '310 Patent (collectively, the "Accused Products").

34. Upon information and belief, the Accused Products have been and continue to be sold, offered for sale, used, and/or imported in or into the United States. Victaulic has also learned through a customer that ARGCO has installed Accused Products in a United States project.

35. Below is an image of one such Accused Product as it appears on ARGCO's website:



36. Victaulic sells products, such as the FireLock® Rigid Couplings Style 009N (depicted below), covered by one or more claims of the Patent-in-Suit.



37. This is not the first time that ARGCO has infringed the '310 Patent, nor is it the first time that Victaulic has sued ARGCO for infringing it.

38. ARGCO has been aware of the '310 Patent and ARGCO's infringement thereof at least since September 9, 2022—i.e., the date of the 2022 Complaint.

39. Victaulic has not licensed or otherwise consented to ARGCO's using, offering for sale, selling or importing the Accused Products.

## COUNT I

## BREACH OF CONTRACT

40. Victaulic incorporates by references Paragraphs 1 through 39 above as if fully set forth herein.

41. The 2022 Agreement is a valid and enforceable contract between Victaulic and ARGCO.

42. Victualic has and continues to perform its obligations under the 2022 Agreement, including requesting dismissal with prejudice of the 2022 Complaint pursuant to § 3.2 of the 2022 Settlement.

43. ARGCO has failed to perform its obligations under the 2022 Agreement. For example, by making, using, selling, offering to sell, and/or importing the Accused

Products, ARGCO has failed to perform its obligation under § 2.1 of the 2022 Agreement not to "make, use, sell, offer to sell, or import" any product "covered by at least one claim" of the '310 Patent.

44. No exclusions, conditions, or other provisions in the 2022 Agreement excuse ARGCO's breach of the agreement.

45. Victaulic has not otherwise excused ARGCO's breach of the 2022 Agreement.

46. Victaulic has suffered and continues to suffer injury as a direct and proximate result of ARGCO's breach of its obligations under the 2022 Agreement. For example, ARGCO's breach of the 2022 Agreement directly threatens Victaulic's market share, customer relationships, and reputation for innovation. Moreover, pursuant to § 6.1 of the 2022 Agreement, ARGCO agreed that any breach of the agreement would "immediate[ly] and irreparabl[y] harm" Victaulic.

## COUNT II

### INFRINGEMENT OF UNITED STATES PATENT NO. 9,726,310

47. Victaulic incorporates by reference Paragraphs 1 through 46 above as if fully set forth herein.

48. The Accused Products, used to connect two pipe elements in end to end relation, meets each and every limitation, either literally or under the doctrine of equivalents, of at least claims 1 of the '310 Patent.

49. A non-limiting claim chart showing ARGCO's infringement of claim 1 of the '310 Patent by a representative Accused Product is attached as **Exhibit B**. The claim chart is not intended to limit Victaulic's right to modify the chart or allege that other activities of ARGCO infringe the identified claims or any other claims of the '310 Patent or any other patents.

50. The Accused Products have been and continue to be made, used, sold, offered for sale, and/or imported in or into the United States by ARGCO.

51. On information and belief, ARGCO does not manufacture the accused Push-On products in the United States, but instead imports them from overseas manufacturers. In contrast to ARGCO's import-based business model, Victaulic manufactures grooved coupling products domestically from housings that it casts from molten ductile iron at multiple foundries located within the United States, representing substantial domestic manufacturing infrastructure and investment that would be protected by enforcement of its patent rights.

52. Upon information and belief, ARGCO actively and knowingly induces ARGCO's customers to directly infringe at least claim 1 of the '310 Patent and/or contributes to ARGCO's customers' or other third parties' direct infringement of one or more claims by selling or otherwise providing the Accused Products to customers or third parties and/or encouraging customers or third parties to use the Accused Products to form infringing products.

53. Upon information and belief, ARGCO actively and knowingly encourages the direct infringement of at least claim 1 of the '310 Patent by instructing and encouraging its customers, users, and buyers to use the Accused Products. For example, ARGCO provides promotional literature that advises these customers, users, and buyers to use the Accused Products in an infringing manner, providing a mechanism through which the infringers may infringe the '310 Patent, and by marketing the use of the Accused Products in an infringing manner.

54. Upon information and belief, ARGCO has been contributorily infringing and is continuing to contributorily infringe the '310 Patent by selling or offering to sell the Accused Products, which constitutes a material part of an invention covered by at least claim 1 of the '310 Patent. ARGCO knows that the Accused Products are especially made or especially adapted for practicing the invention of the '310 Patent and that they are not a staple article or commodity of commerce suitable for substantial non-infringing use. There is no substantial non-infringing use of the Accused Products.

55. ARGCO is therefore liable for induced infringement pursuant to 35 U.S.C. § 271(b) and/or for contributory infringement pursuant to 35 U.S.C. § 271(c).

56. ARGCO's infringement has damaged and will continue to damage Victaulic, which is entitled to recover the compensatory damages resulting from ARGCO's wrongful acts in an amount to be determined at trial, including but not limited to lost profits from lost sales, ARGCO's profits for infringing sales, disgorgement, and/or price erosion, and in any event no less than a reasonable royalty.

57. ARGCO's infringement has caused, and will continue to cause, irreparable injury to Victaulic, for which damages are an inadequate remedy, unless ARGCO is enjoined from any and all activities that would infringe the claims of the '310 Patent.

58. ARGCO has been is on notice of the '310 Patent since at least September 9, 2022, and possibly earlier, and any infringement by ARGCO after notice of the '310 Patent has been willful.

## PRAYER FOR JUDGMENT AND RELIEF

WHEREFORE, Victaulic respectfully requests judgment and relief as follows:

(a) A determination that ARGCO has breached the 2022 Agreement;

(b) An award of compensatory damages for ARGCO's breach of the 2022 Agreement in an amount to be proven at trial;

(c) An award of punitive damages for ARGCO's breach of the 2022 Agreement in an amount to be proven at trial;

(d) A determination that ARGCO has directly infringed, contributorily infringed, and/or actively induced infringement of the '310 Patent, and that such infringement is and has been willful;

(e) An order that ARGCO and those in privity with ARGCO be preliminarily and permanently enjoined from infringing and/or inducing or contributing to the

infringement of the '310 Patent;

    (f)    An award of damages against ARGCO adequate to compensate Victaulic for infringement of the '310 Patent including enhanced damages for willfulness, but in no event less than a reasonable royalty, together with prejudgment interest, costs and disbursements as fixed by the Court;

    (g)    A determination that this is an exceptional case pursuant to 35 U.S.C. § 285;

    (h)    An award for Victaulic's costs and expenses, including but not limited to an assessment of reasonable attorneys' fees against ARGCO;

    (i)    An accounting of all of ARGCO's gains, profits, and advantages derived from its breach of the 2022 Settlement and infringement of the '310 Patent;

    (j)    An award of pre- and post-judgment interest as permitted; and

    (k)    Such other and further relief as the Court deems equitable and just.

### DEMAND FOR JURY TRIAL

Plaintiff Victaulic hereby demands a jury trial, as provided by Federal Rule of Civil Procedure 38, on all claims that are triable to a jury.

Dated: August 8, 2025

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: /s/   Colin T. Kemp
Colin T. Kemp
Attorney for Plaintiff
VICTAULIC COMPANY

12
COMPLAINT FOR BREACH OF SETTLEMENT AGREEMENT & PATENT INFRINGEMENT
4937-5151-1130